Nott, J.
The principal question in this case is whether the act of 1788, P. L. 441, makes the 6th section of the act of 1785, com. monly called the county court act, of force in the districts where county courts were not established.
The words of the act of 1788, are, “ that all and every authority contained in and given by the fourth, or other clauses of the said act, to the county courts, and to any justice, sheriff, or constable, concerning the issuing, serving, returning attachments, or disposing of such property, shall be, and the same is by virtue of this act given to the district courts, justices, and other officers, as in the first act specified.” I am of opinion, both from the the words and the object of this act, that the 6th section of the act of 1785, has á general operation throughout the State. It does, to be sure, appear from the title and preamble of the act, that it was only intended to embrace the fourth clause, and that, probably, might have been the original design ; and the words “ other clauses” after-wards added, to give a latitude which was not at first contemplated. Unless we give it that construction, those words can have no meaning ; and it is not to be believed that words, which tend to such a different construction from what the act must have had without them, were introduced for no purpose. The object of the legislature was to make the jurisdiction of the magistrates uniform through, out the State. And no reason can be given why it should not be so.
With the policy of the law, we have nothing to do. If it was a good law in one part of the State, it was equally so in another ; and I do not by any means think it deserves the odium which has been so liberally bestowed upon it. In some of the States, the first process to bring a person into court is, in all cases, an attachment against his property ; and I can see no objection to such a proceeding. Is the property more sacred than the person 1 In some of the States, it is a matter of course to hold the defendant to bail in *500 cases arising on contract. In this State, it is a matter of right, and all that is required is an affidavit of the amount of the plain. tiff’s demand. Throwing into jail an unfortunate debtor, who is unable to give bail, excites no sympathy, because it is common, but attaching his property is thought to be a monstrous oppression, even though it may be instantly released, by giving bail to the action. It is also further said, that all the acts relating to the county courts, are repealed by the present circuit court act. But that act repeals only such clauses of the county court acts, as are repugnant to itself, and does not embrace this case.
Another ground taken is, that the bond given by the plaintiff to prosecute the attachment to effect, was not returned to the first court, agreeably to the requisitions of the county court act. But the presiding judge himself was of opinion, that under the 6th sec. tion, it was not necessary to have given any bond. It was, therefore, immaterial whether the bond which was taken, was returned or not. I am of opinion the decision ought to be reversed.
Smith, and Grihke, Js., concurred. Colcock, and Bay, Js., contra.